UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BRAD ZUCKERMAN,

|  |  |
|---|---|
| Plaintiff, | Civil Case No.: 17-cv-101 |
| -against- | **COMPLAINT** |
| JETBLUE AIRWAYS CORPORATION | *Jury Trial Demanded* |
| Defendant. | |

-------------------------------------------------------X

Plaintiff, BRAD ZUCKERMAN, by and through his attorney, CHAUNCEY D. HENRY, Esq., of HENRY LAW GROUP, alleges and complains as follows:

## INTRODUCTION

1. This action is brought against Defendant on the basis of it discriminating against Plaintiff based on disability. Defendant engaged in discrimination by inflicting willful and deliberate disparate treatment of Plaintiff during the course of his employment, failing to provide Plaintiff with a reasonable accommodation, retaliation, and wrongfully terminating Plaintiff for reasons driven by discriminatory animus based on Plaintiff's disability and/or perceived disability status and/or participation in protected activity. Defendant's facially neutral employment policies coupled with its uneven and inconsistent application thereunder, resulted in an adversely discriminatory impact upon its class of disabled employees.  Plaintiff, a member of a protected class, brings this action pursuant to the Family Medical Leave Act ("FMLA"), as codified 29 U.S.C. § 2601 et. seq., the Americans with Disabilities Act of 1990 ("ADA"), as codified 42 U.S.C. §§ 12101 to 12213, and, New York State, Executive Law, Article 15, Human Rights Executive Law § 296; New York City Human Rights Law ("NYCHRL") as codified § 8-107(1)(b) & § 8-107(15)(a), under Pendant Jurisdiction. Plaintiff seeks to recover monetary

1

damages, front pay, back pay, emotional damages, equitable relief, reinstatement, reasonable attorney fees, costs, and disbursements.

## JURISDICTION AND VENUE

2. Jurisdiction is specifically, and properly, conferred upon this United States District Court by the aforementioned statutes, as well as under 28 U.S.C. §§ 1331, 1343.

3. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983, and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law conferred upon this United States District Court by Pendant Jurisdiction.

4. This action is brought against Defendant for employment discrimination pursuant to Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112-12117, and the Family Medical Leave Act of 1993, as codified, 29 U.S.C.A. §§ 2601 et seq.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (2), as Defendant maintains its principal place of business and headquarters within the confines of the Eastern District of New York; and, as reported by Plaintiff, a substantial part of the events or omissions giving rise to the claim occurred, specifically those events related to Defendant's New York based Human Resources Department where the events described herein occurred within the territorial confines of the Eastern District of New York.

## PROCEDURAL REQUIREMENTS

6. Upon information and belief, on or about January 11, 2016, Plaintiff filed a timely charge with the New York State Division of Human Rights, which was cross-filed with the Equal Employment Opportunity Commission ("EEOC").

7. Upon information and belief, on or about October 4, 2016, the Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter therefore permitting Plaintiff to properly

bring suit in an appropriate United States District Court pursuant to 42 U.S.C. § 2000e. Said Right to Sue letter is attached herewith as **Exhibit A**, and is incorporated herein by reference. As such, Plaintiff has therefore exhausted all required administrative remedies.

8. This action is being commenced within ninety (90) days of Plaintiff's actual receipt of said Notice of Right to Sue Letter.

## PARTIES TO THIS CHARGE

9. Upon information and belief, at all relevant times herein, Plaintiff, Brad Zuckerman ("Zuckerman" or "Plaintiff"), is a resident of the State of Florida, with an address of 10650 NW 10th Street, Plantation, Florida 33322.

10. Upon information and belief, during the relevant period herein, Plaintiff was an individual with a "disability" within the meaning of the Family Medical Leave Act, Americans with Disabilities Act, the New York State Human Rights Law and New York City Human Rights Law.

11. Upon information and belief, during the relevant period herein, Defendant JetBlue Airways Corporation ("JetBlue" or "Defendant") is incorporated in Delaware with its principal place of business located at 27-01 Queens Plaza North, Long Island City, New York 11101.

12. Upon information and belief, during the relevant period herein, Defendant employed in excess of fifteen (15) employees at any given time, and is an employer within the meaning of the Americans with Disabilities Act of 1990.

13. Upon information and belief, during the relevant period herein, Defendant employed in excess of fifty (50) employees at any given time, and is an employer within the meaning of the Family and Medical Leave Act of 1993.

3

14. Upon information and belief, during the relevant period herein, Plaintiff was employed by Defendant JetBlue at Terminal 1 and Terminal 3, Fort Lauderdale Hollywood International Airport ("FLL"), Fort Lauderdale, Florida 33315, until he was wrongfully terminated from employment on May 21, 2015.

15. Upon further information and belief, Plaintiff reports that during the relevant period hereto, all decisions affecting Plaintiff's employment with Defendant were made or ordered by Defendant's New York based Human Resources managerial staff.

## FACTUAL ALLEGATIONS

### I.   Nature of JetBlue's Business

16. Upon information and belief, during the relevant period herein, Defendant JetBlue operated an extensive international and domestic airline network from within its John F. Kennedy International Airport ("JFK") headquarters, located at 81 Hangar Road, Queens, New York 11430, which also serves as one of Defendant's major airline hubs.  Defendant JetBlue has a secondary hub at Fort Lauderdale—Hollywood Airport.

### a.   JetBlue Employee Handbook

17. Upon information and belief, during the relevant period hereto, Defendant JetBlue maintained a JetBlue Crewmember's Blue Book (hereinafter "Blue Book") that governed and provided work place policies.

### i.   Anti-Discrimination Clause

18. Upon information and belief, during the relevant period hereto, Defendant JetBlue's Blue Book provided in pertinent part, that Defendant maintain a zero tolerance for unethical practices, discrimination, retaliation or other improper or unlawful conduct.

### ii.   Family Medical Leave Clause

4

19. Upon information and belief, during the relevant period hereto, Defendant JetBlue's Blue Book provided in pertinent part, that eligible employees would be entitled to protection under the Family Medical Leave Act upon the occurrence of a qualifying event.

20. Upon information and belief, during the relevant period herein, pursuant to Defendant JetBlue's Blue Book, eligible employees are allowed up to 12 workweeks of unpaid leave for certain family and medical reasons during a 12-month rolling period, reasons which include: an employee's own serious health condition that renders an employee unable to perform one or more of the essential functions of his/her job.

21. Upon information and belief, during the relevant period herein, pursuant to Defendant JetBlue's Blue Book, employees who request, and later receive, FMLA leave are required to notify JetBlue's New York based Human Resources Department of the need for FMLA-qualifying leave and the anticipated timing and duration of the leave, if known. Employees are only required to articulate to Defendant's New York based Human Resources Department the reason for leave, i.e. a medical condition that renders them unable to perform the functions of their jobs, thus satisfying the notice requirement under JetBlue's FMLA policy.

## II.  *History of Employment and Qualification*

### a.   *Mr. Zuckerman's Employment History with JetBlue*

22. Upon information and belief, in or about March 2005, Plaintiff began his employment with Defendant JetBlue as an Inflight Crewmember.

23. Upon information and belief, during the relevant period herein, Plaintiff's primary duties as an Inflight Crewmember, included but were not limited to, delivering high-quality and award-winning services to Defendant's customers, ensuring the safety and comfort of customers, and

accommodating passengers' needs. Inflight Crewmembers also assist passengers with their luggage and provide full tray services to the passengers.

### b. Mr. Zuckerman's Job Performance and/or Qualifications

24. Upon information and belief, prior to the relevant period hereto, Plaintiff, through diligence, hard work, dedication and excellent job performance was the subject of numerous compliments from JetBlue customers as well as co-workers and supervisors alike.

## III.   Mr. Zuckerman Suffers a Qualified Disability

### a. Mr. Zuckerman's On the Job Injury

25. Upon information and belief, on or about March 13, 2013, Plaintiff was assigned to a red eye flight from San Francisco, California to Fort Lauderdale, Florida. As part of its descent process, JetBlue pilot are required to signal at least 10,000 feet prior to landing; thereby notifying its flight attendants to prepare for landing.

26. Upon information and belief, once the pilot signals the crewmembers of the aircraft's landing, Inflight Crewmembers then prepare for landing, which includes, but is not limited to, securing the cabin for arrival. Furthermore, pilots are required to make a second announcement notifying crewmembers to return to their seats for safety reasons. However, Defendant's Pilot failed to make any such announcements on the aforementioned date resulting in injuries to Plaintiff.

27. Upon information and belief, as a direct result of the Pilot's failure to announce landing, an unsecured steal bin, weighing between fifty to sixty pounds, fell on Plaintiff's head causing severe head injury and damage to Plaintiff's vasovagal nerve resulting in eight (8) cranial staples.

28. Upon information and belief, at the time of Plaintiff's injury, and upon landing, no Supervisor or Pilot assisted Plaintiff with his injury and/or filed an incident report. Instead, Plaintiff's colleague, assisted Plaintiff until his partner arrived to take him to the hospital.

29. Upon information and belief, during the relevant period herein, Plaintiff was taken to Broward General Hospital where he was treated for his injury. Plaintiff was released the same day; however, was not permitted to work.

30. Upon information and belief, as a result of Plaintiff's injury, Plaintiff began to experience seizures, loss of bladder control, confusion, headache, loss of memory, irregular body temperature with sudden black outs and loss of consciousness. Plaintiff also suffered from hand tremors, specifically his dominant right-hand.

31. Upon further information and belief, Plaintiff was blinded for twelve (12) weeks as a result of his injury. In or about August 21, 2013, Plaintiff woke up and could not see out of his left eye. Plaintiff went to his Ophthalmologist, who informed Plaintiff that his retina was detaching due to his on-the-job injury and needed immediate surgery. Due to the surgery, Plaintiff was unable to see out of his left eye for twelve (12) weeks.

### IV.   Mr. Zuckerman's Request for Medical Leave

#### a.   JetBlue's FMLA Policy

32. Upon information and belief, during the relevant period hereto, Defendant JetBlue implemented and had in place a Crewmember's Bluebook, which provided in pertinent part its Family Medical Leave Act ("FMLA") and Medical Leave policies.

33. Upon information and belief, during the relevant period hereto, eligible employees are entitled to leave of absence under Defendant JetBlue's FMLA policy for qualifying medical events.

#### b.   JetBlue's Basic FMLA Leave Entitlement

34. Upon information and belief, under Defendant JetBlue's FMLA policy, employees requesting FMLA leave, must give at least a months' notice before the leave begins. However, in extenuating unforeseen circumstances, Crewmembers are placed on FMLA absence from the date after their actual last-day worked. Crewmembers must submit their FMLA paperwork within fifteen (15) days of their FMLA request.

### a. Mr. Zuckerman's Eligibility and Compliance with JetBlue's FMLA Policy

35. Upon information and belief, during the relevant period herein, after Plaintiff's injury, as per Plaintiff's medical doctors, Plaintiff was instructed to refrain from any work related activity effective immediately.

36. Upon information and belief, during the relevant period hereto, Plaintiff, having been employed by Defendant JetBlue for ten (10) consecutive years, was eligible under Defendant JetBlue's FMLA policy for all intended purposes. Plaintiff, had been employed by Defendant for at least (12) months; worked in excess of 1250 hours therewith; and, at a worksite where 50 or more employees were located within a 75-mile radius.

37. Upon information and belief, during the relevant period herein, as required by Defendant's FMLA Policy, Plaintiff contacted JetBlue's Assistant Administrator for Inflight, Supervisor Mimigridon, to inform her of his medical condition and request for immediate leave per Doctor's order.

38. Furthermore, upon information and belief, during the relevant period herein, Plaintiff submitted medical documentation to substantiate the need for extended medical care and leave. Plaintiff also kept in constant communication with Defendant JetBlue's New York based Human Resource Department, Daisy Frentes, in regards to his disability status.

### V.    JetBlue Failed to Reasonably Accommodate Mr. Zuckerman

### a. Mr. Zuckerman's Request for Reasonable Accommodation

39. Upon information and belief, during the relevant period herein, Plaintiff was ready willing and able to perform in a different job role, as a reasonable accommodation; however, JetBlue failed to provide a reasonable accommodation.

40. Upon information and belief, in or about November 17, 2014, Plaintiff received an email from Deisy Restrepo, Senior Analyst in the ADA People's Compliance Program at Defendant JetBlue (hereinafter "Ms. Restrepo"), in regards to Plaintiff's ADA Accommodation request. In its decision, Defendant JetBlue stated, due to Plaintiff's medical condition and limitations, he is unable to fulfill the essential functions of his role as an Inflight Crewmember with or without a reasonable accommodation.

41. Furthermore, upon information and belief, in said notice from Defendant JetBlue, Plaintiff was granted three (3) months of ADA leave time through February 21, 2015 to find a reassignment position that met Plaintiff's restrictions and limitations. Position reassignment is an unpaid leave of absence for up to six (6) months allowing the employee time to find a suitable position within JetBlue.

### b. JetBlue Failed to Reasonably Accommodate Mr. Zuckerman

42. Upon information and belief, during the relevant period herein, Plaintiff informed Ms. Restrepo that he would be unable to relocate to another position outside of Fort Lauderdale due to his ongoing medical care. Plaintiff also informed Ms. Restrepo that there were no available positions on JetBlue's job posting portal to which Plaintiff could apply.

43. Upon information and belief, in or about February 2015, Defendant JetBlue granted Plaintiff an additional three (3) months to secure a position reassignment since Plaintiff was unable to secure a position in the original allotted time period. Plaintiff informed Ms. Restrepo that the accommodation provided to Plaintiff was not reasonable as he could not leave and reassign to

a new position due to his medical care and the available positions were not suitable for his disability.

44. Upon information and belief, during the relevant period herein, Plaintiff once again informed Defendant JetBlue about the lack of available internal job opportunities for which Plaintiff could apply. Defendant JetBlue made no effort or attempt to accommodate Plaintiff's disability.

45. Upon information and belief, on or about May 4, 2015, Plaintiff received a notice from Restrepo informing Plaintiff that because he did not apply to a position reassignment he would be terminated on May 21, 2015, due to failure to secure a job placement.

46. Upon information and belief, during the relevant period herein, a new location was not a reasonable accommodation for Plaintiff due to his pending medical treatments. Furthermore, JetBlue's website failed to post available job postings for Plaintiff to apply.

## VI.   *Mr. Zuckerman Wrongfully Terminated as a Result of His Disability*

47. Upon information and belief, on or about May 21 2015, Plaintiff received a notice from Restrepo informing Plaintiff that because he failed to secure a position by May 21, 2015, Plaintiff's employment with Defendant JetBlue Airways had been administratively terminated.

### a.   *Mr. Zuckerman Subjected to Differing Terms and Conditions of Employment*

48. Upon information and belief, during the relevant period herein, Defendant JetBlue requires an exit interview upon termination.  During the exit interview, Defendant JetBlue informs the terminated employee the reason for termination; available benefits upon termination; and retrieval of the employee badge, uniform, and crewmember manual.

49. Upon information and belief, during the relevant period herein, Plaintiff's termination came by way of a notice received in the mail stating he is terminated effective May 21, 2015. Defendant failed to notify or provide an opportunity to Plaintiff for an exit interview or the

like. Furthermore, upon receiving the termination notice, Plaintiff contacted Defendant JetBlue's Human Resources Department to inquire about his termination; however, Defendant JetBlue failed to return or respond to Plaintiff's calls.

### b. Pretext for Mr. Zuckerman's Wrongful Termination

50. Upon information and belief, during the relevant period herein, Defendant JetBlue was aware of Plaintiff's disability; nevertheless, Defendant JetBlue failed to reasonably accommodate him. Although Defendant offered Plaintiff to secure a position within JetBlue, no such positions were posted on the website. Moreover, in the event there was a posting of a position, Plaintiff was unable to apply due to its job location.

51. Upon information and belief, during the relevant period herein, Plaintiff's disability entails the need for continued medical care to diminish the pain and cure the damage caused by the on-the-job injury. Plaintiff's termination was due to the fact that he did not return to work since his injury in March 2013. However, in fact, Plaintiff although on protected leave, was unable to return to work due to Defendant JetBlue's failure to reasonably accommodate Plaintiff by securing a position that is not burdensome for Plaintiff's disability.

52. Upon information and belief, during the relevant period herein, but for Defendant's failure to accommodate Plaintiff, Plaintiff attributed the numerous absences which served as pretextual grounds for Plaintiff's termination. Despite having never been suspended over a course of nearly ten years working for Defendant JetBlue, Plaintiff was in fact terminated due to Plaintiff's medically protected leave and disability.

### VII. Mr. Zuckerman Subjected to Disparate Treatment

53. Upon information and belief, during the relevant period hereto, Defendant JetBlue maintained a pattern and practice of terminating employees whom were disabled and/or reported on the job injuries.

11

54. Upon information and belief, during the relevant period herein, Defendant JetBlue provided preferential treatment to non-disabled crewmembers by manipulating its attendance policies; the Dependability Guidelines to avoid terminating crewmembers who were expected to exceed the FLMA leave threshold.

55. Upon information and belief, during the relevant period hereto, Defendant's non-disabled employees were allowed to manipulate Defendant JetBlue's attendance policy to exceed the medical leave time permitted by FMLA. Whereas, similarly situated disabled employees, those who sustained on-the-job injuries, were subjected to greater scrutiny and termination.

## VIII.    *Mr. Zuckerman's Damages*

56. As a result of Defendant's acts and/or omissions, Plaintiff was meant to endure considerable financial loss and emotional damages, a reduction in retirement benefits, diminution of pension benefits, earnings, and other fiscal/financial benefits of employment, health insurance, flying privileges and bonuses. Plaintiff is entitled to an award consisting of back pay, front pay, emotional damages and attorney fees, all occurring as a result of Defendant's discriminatory employment practices, unreasonable, oppressive, willful and malicious acts and/or omissions as committed against Plaintiff hereto.

*Federal Causes of Action*

### COUNT I

### FAMILY MEDICAL LEAVE ACT § 29 U.S.C. §2601 ET. SEQ.: RETALIATION AND DISCRIMINATION CLAIM

57. Plaintiff repeats and reiterates the allegations set forth in paragraph(s) 1 through 56 inclusive of the instant complaint, with the same force, effect and veracity as though fully set forth hereto.

12

58. The Family Medical Leave Act ("FMLA") prohibits discrimination and retaliation against any qualified individual, exercising rights protected under the FMLA—so qualified for his position—suffering an adverse employment action occurring under circumstances giving rise to an inference of retaliatory intent. Family and Medical Leave Act of 1993, § 105(a)(2), 29 U.S.C.A § 2615(a)(5).

59. Defendant JetBlue, a private corporation, is subject to the provisions of the FMLA.

60. Plaintiff suffered from a serious health issue related to a disability, mandating that he utilize his medical leave in order to receive the appropriate and necessary treatment.

61. Plaintiff properly complied with policies set forth by Defendant for the reporting of serious health issues requiring medical leave, however he was required to undergo differing terms, conditions and benefits of employment than those of his similarly situated non-disabled colleagues.

62. Prior to the events giving rise to the instant action, Defendant possessed no reason or basis to terminate Plaintiff's employment. But for Plaintiff's disabled status, Defendant possessed no legitimate purpose for taking any adverse action against Plaintiff, further evincing its discriminatory animus towards Plaintiff.

63. Plaintiff endured disparate treatment in the handling and processing of his medical leave request, in that he was held to a higher, more scrutinized standard than those fellow employees engaged in the same conduct of reporting and requesting medical leave.

64. Defendant, by and through members of its supervisory and/or managerial staff, exhibited perverse and severe retaliatory animus towards Plaintiff evident from the conduct complained of herein.

65. Defendant's proffered reason for terminating Plaintiff administratively was illegitimate, retaliatory and pretextual under the FMLA.

66. The temporal proximity between the adverse action taken by Defendant against Plaintiff, and Plaintiff's engagement in protected activity, sufficiently sustains an inference of Defendant's retaliatory intent.

67. As a direct result of the foregoing, Plaintiff suffered enormous injury mandating an award of back pay, reinstatement or front pay, reasonable attorney fees and court costs, compensatory damages for pain and suffering and punitive damages.

68. As a direct and/or indirect result of Plaintiff's serious medical condition, and subsequent medical leave due to same, Defendant concocted and fabricated pre-textual reasons for bringing about Plaintiff's wrongful termination.

69. As a proximate result of Defendant's discriminatory acts as committed against Plaintiff on the basis of his exercise of rights protected under the FMLA, Plaintiff has suffered and continues to suffer substantial loss, including the loss of past and future earning, bonuses, deferred compensation, and other employment benefits, severe and lasting embarrassment, humiliation and anguish.

**COUNT II**

**DISCRIMINATORY TREATMENT UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §§ 12101-12213, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008 ("ADAAA")**

70. Plaintiff repeats and reiterates the allegations set forth in paragraph(s) 1 through 69 inclusive of the instant complaint, with the same force, effect and veracity as though fully set forth hereto.

71. The Americans with Disabilities Act ("ADA") prohibits discrimination against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

72. Defendant JetBlue, a private corporation with more than fifteen (15) employees, is subject to the provisions of the ADA.

73. Plaintiff suffered from a qualified medical condition, mandating that he utilize his medical leave in order to receive the appropriate and necessary treatment.

74. Defendant, by and through its managerial staff, discriminated against Plaintiff because of Plaintiff's disability status. Plaintiff was singled out for termination based on Defendant's discriminatory animus towards Plaintiff and his disability.

75. As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, loss of employment, loss of income, loss of other employment benefits, promotional opportunities as well as emotional distress, great financial expense, damages to reputation, and has incurred damages thereby.

76. As a direct result of Defendant's act and and/or failure to act, Plaintiff is entitled to the maximum monetary damages and penalties available by law, equitable remedies, plus costs and reasonable attorney fees.

**COUNT III**

**FAILURE TO ACCOMMODATE UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §§ 12112 5(B), AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008 ("ADAAA")**

77. Plaintiff repeats and reiterates the allegations set forth in paragraph(s) 1 through 76 inclusive of the instant complaint, with the same force, effect and veracity as though fully set forth hereto.

78. The Americans with Disabilities Act ("ADA") prohibits an employer from discriminating against a qualified individual on the basis of disability, whereby (a) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or (b) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant. 42 U.S.C. §§ 12112(5).

79. Defendant JetBlue, a private corporation with more than fifteen (15) employees, is subject to the provisions of the ADA.

80. Plaintiff suffered from a qualified medical condition, mandating that he utilize his medical leave in order to receive the appropriate and necessary treatment.

81. Defendant JetBlue, by and through its agents, was on notice that Plaintiff suffered from qualified disability during the relevant period hereto. Despite being aware, Defendant JetBlue, by and through its agents, refused to make such a reasonable accommodation for Plaintiff.

82. As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, loss of employment, loss of income, loss of other employment benefits, promotional opportunities as well as emotional distress, great financial expense, damages to reputation, and has incurred damages thereby.

16

83. As a direct result of Defendant's act and and/or failure to act, Plaintiff is entitled to the maximum monetary damages and penalties available by law, equitable remedies, plus costs and reasonable attorney fees.

**COUNT IV**

**DISPARATE IMPACT UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §§ 12112 5(B), AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008 ("ADAAA")**

84. Plaintiff repeats and reiterates the allegations set forth in paragraph(s) 1 through 83 inclusive of the instant complaint, with the same force, effect and veracity as though fully set forth hereto.

85. Defendant's employment policies, and its application, directly and/or indirectly adversely impact its FMLA qualified employee population, in that those FMLA qualified employees suffering from a qualified medical event are required to meet differing terms, standards and conditions under Defendant's reporting, medical leave request, and reassignment as a reasonable accommodation request policy.

86. Defendant's uneven application of its facially neutral policy concerning reporting, medical leave requests, and reassignment as a reasonable accommodation, adversely impact its FMLA qualified employees to a differing and significant degree.

87. Plaintiff, as a member of the aforementioned protected class, was adversely impacted—wrongfully terminated—by and as a direct result of Defendant's uneven application of its facially neutral employment policies.

88. As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, loss of employment, loss of income, loss of other employment benefits, promotional

opportunities as well as emotional distress, great financial expense, damages to reputation, and has incurred damages thereby.

89. As a direct result of Defendant's compounded acts and and/or failure to act, Plaintiff is entitled to the maximum monetary damages and penalties available by law, equitable remedies, plus costs and reasonable attorney fees.

*State Pendant Causes of Action*

## COUNT V

## NEW YORK STATE, EXECUTIVE LAW, ARTICLE 15, HUMAN RIGHTS EXECUTIVE LAW §296(1)(a): Disability Discrimination

90. Plaintiff repeats and reiterates the allegations set forth in paragraph 1 through 90 inclusive of the instant complaint, with the same force, effect and veracity as though fully set forth hereto.

91. The New York State Executive Law; Human Rights Law ("NYSHRL") prohibits unlawful discriminatory employment practices. Section § 296 of the NYSHRL, provides in pertinent part that, "[I]t shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." (Emphasis Added) Defendant has engaged in violation of the foregoing statute by virtue of its unlawful discriminatory employment practices as more fully detailed and emphasized above.

92. As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, loss of employment, loss of income, loss of other employment benefits, promotional

opportunities as well as emotional distress, great financial expense, damages to reputation, and has incurred damages thereby.

93. As a direct result of Defendant and and/or failure to act, Plaintiff is entitled to the maximum monetary damages and penalties available by law, plus costs and reasonable attorney fees.

**COUNT VI**

**NEW YORK CITY HUMAN RIGHTS LAW §8-107(1)(a): Disability**

94. Plaintiff repeats and reiterates the allegations set forth in paragraph 1 through 93 inclusive of the instant complaint, with the same force, effect and veracity as though fully set forth hereto.

95. Section 8-107(1)(a) of the New York City Humans Rights Law ("NYCHRL") prohibits unlawful discriminatory practices in terms of employment. Section 1(a) of said statute provides in pertinent part that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment. Defendant has engaged in violation of the foregoing statute by virtue of its unlawful discriminatory employment practices as more fully detailed and emphasized above.

96. As a direct and proximate result of the foregoing, Plaintiff has suffered, and continues to suffer, loss of employment, loss of income, loss of other employment benefits, promotional opportunities as well as emotional distress, great financial expense, damages to reputation, and has incurred damages thereby.

97. As a direct result of Defendant and and/or failure to act, Plaintiff is entitled to the maximum monetary damages and penalties available by law, equitable remedies, plus costs and reasonable attorney fees.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court grant judgment to him containing the following relief:

a) An award to Plaintiff of his actual damages in an amount to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating Plaintiff for loss of future salary and benefits;

b) Declaring that Defendant violated the Family and Medical Leave Act, as codified, 29 U.S.C. §§ 2601 et seq. for retaliation and discrimination;

c) Declaring that Defendant violated the Americans with Disabilities Act Of 1990, 42 U.S.C. §§ 12101-12213, As Amended By The ADA Amendments Act Of 2008 ("ADAA") for Discriminatory Treatment;

d) Declaring that Defendant violated the Americans with Disabilities Act Of 1990, 42 U.S.C. §§ 12112 5(B), As Amended By The ADA Amendments Act Of 2008 ("ADAA") for Failure To Accommodate;

e) Declaring that Defendant violated the Americans with Disabilities Act Of 1990, 42 U.S.C. §§ 12112 5(B), As Amended By The ADA Amendments Act Of 2008 ("ADAA") for Disparate Impact;

f) Declaring that Defendant violated New York City Human Rights Law § 8-107(1)(b) and (15)(a);

g) Declaring that Defendant violated New York State, Executive Law, Article 15, Human Rights Executive Law § 296;

h) Equitable relief;

i) Awarding damages to Plaintiff, retroactive to the date of his discharge and prior to, for loss of wages and benefits resulting from Defendant's unlawful employment practices and to otherwise render him whole for all and any losses sustained and suffered as a result of Defendant's unlawful employment practices;

j) An award to Plaintiff of Defendant's flight benefits for life;

k) An award to Plaintiff of the costs of this action, together with reasonable attorney fees; interest and the cost of disbursements of the action; and

l) Such other and future relief that this Honorable Court deems just and proper.

### JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38(b) of the Local Rules, Plaintiff demands trial by jury for all the issues leaded herein so triable.

Dated: North Baldwin, New York
January 7, 2017

HENRY LAW GROUP
/s/
Chauncey D. Henry, Esq. (CH2982)
*Attorney for Plaintiff*
*Brad Zuckerman*
1597 Grand Avenue
Baldwin, New York 11510
Phone: (516) 366-4367
Email: chauncey.henry@hlawg.com